The next case is Renee D. Clouse v. Secretary of Veterans Affairs, 2017-2087. In our briefs, we provide three legal theories how this court can extend relief to Ms. Clouse. When it comes to our strongest argument, though, that the November 2015 board vacator has no lawful effect because it was not properly served on her attorney, the Secretary has no response. In fact, in their motion to remand at, I believe it's docket 17, pages 2 and 8, they concede that the vacator decision was not sent to the last known address of Ms. Clouse's attorney. You talk about how she can best proceed with her claim, can't you best get her claim adjudicated by trying it on remand at the board level or at the R.O. level? No, Your Honor, we don't. There's two reasons for that. At the Veterans Court, we can make two arguments that will change the landscape on remand to the board. And the first is, arguing to the Veterans Court that throughout this process, and we've only provided evidence since 2015 forward, but throughout this appeal and throughout this claim, the Secretary has continually failed to serve us with notice. So we can better prosecute Ms. Clouse's claim and appeal if we have notice. But the fact is, the case has been remanded. The decision has been vacated, right? We – our position, respectfully, Your Honor, is that it has not because it was not properly served. That vacator has no lawful effect. The second thing that we can argue at the Veterans Court – What substantive relief are you looking for from – based on the fact that you're – we're not properly providing notice? In terms of substantive relief at the Veterans Court, Your Honor? Anywhere. At the Veterans Court, we're asking – and we're going to make two arguments if we have the opportunity to reach the merits – is that nine of the 11 compensation and pension exams that were used to decide those claims were inadequate. And that substantive relief will allow the court to send it back to the board to get us adequate exams. As it stands now, if this court affirms the Veterans Court, the Veterans Court issues a mandate, we go back into the board with a closed record because our extension time had passed. We had no idea that that extension time was granted, so the record is closed. And we're going back into 11 inadequate exams, nine of which are currently before the board. And so we're in a position where we're now arguing before the board against nine inadequate exams. We could have remedied that. Your understanding that if you were to go back to the board after it vacated its decision, your time for supplementing the record which you asked for is over and that you won't be able to supplement the record, notwithstanding the fact that you didn't get notice? Yes, Your Honor. We would have to move. Isn't notice, lack of notice, something where you should get a procedural cure, like extra time? I thought that was the more typical type of relief somebody would get from lack of notice is an extension of time. We could request an extension. If this court affirms the Veterans Court and it goes back to the board, we could request an extension of time given the lack of service. And that would be up to the board to determine whether we've stayed a good cause, and I'm hopeful that they would do that. But the simple fact remains is that if we are before the Veterans Court on the September 2015 board decision, we are able to directly challenge nine compensation and pension opinions as being inadequate. And if those go back, if the court agrees with us, the Veterans Court agrees with us that those are inadequate, they would send it back to the board for new exams. And the other thing I would say is that I think it's important for the board to understand that the board's decision has been vacated, and that's why you kept the appeal. I'm just trying to understand. This is a different procedural posture, so we're trying to understand why it is that this appeal is here. When you're the one who asked for the relief at the board level, you finally got it, but then you want to proceed with the appeals, the appeal. We had no knowledge of the board vacator decision. We filed an appeal off the September 2015 board decision on January 13, 2016. At the point we filed that appeal of the final September 2015 decision, we had no awareness that this November 2015 vacator decision was out there. The first I learned of that was when I got the RBA, the record before the agency, from the secretary in March, I believe, of 2016. And at that point, still, the secretary did not raise the jurisdictional argument. Why didn't you at that point say, woo-hoo, I got the relief I asked for. I'm going to go back to the board and submit the additional evidence, as you had requested? Because I didn't get the relief that I had the opportunity to seek from my client at the Veterans Court. We had an appeal of a final decision before the Veterans Court, and I could seek two remedies. I could ask the Veterans Court to say, board and secretary, please serve Ms. Klaus's attorney. That's the first thing. The second thing is we could have gotten nine of those opinions, arguably. We would have had to persuade the court that they were inadequate, but we could have had them sent back to get adequate medical opinions on the remaining issues.    Klaus's attorney was not a medical doctor. As it stands now, if this court affirms the Veterans Court issues its mandate, the best relief that I can provide my client is to go out and pay for medical opinions that challenge each of those medical opinions put in by the board. And I don't have to do that if I can convince the court, which I'm able to do. That's an argument that I can raise. The court has frequently noticed that you can challenge the adequacy of a medical opinion before it, that it has jurisdiction, and that's the relief that we could have asked for. Have you appealed from the vacator? We have not, Your Honor. We did not appeal from the vacator, and I don't believe that we need to in order for this court to find that an improperly served vacator decision does not deprive the court of jurisdiction over a final board decision that had already been filed. I don't think we need to appeal the vacator, but to a certain extent, I think it's arguable, at least, that when the secretary moved to dismiss our appeal of the September 2015 decision by placing that vacator into the record and arguing that it was depriving the court of jurisdiction, that that gave the court the jurisdiction to at least look at it. Now, I'm aware that the court can't reach that question unless they find that there was some lawful effect to the November 2015 vacator. In other words, if the court finds that the November 2015 had lawful effect, even though it was not properly served on Ms. Klaus's attorney, then the court, we believe, could reach the argument as to the court's jurisdiction over a vacator decision and the propriety of 20.904 in the first place. But I don't believe that we need to get there because it's so clear that the board did not properly serve and still to this day has never served counsel properly. They have not cured it by delivering it to the last known address. Certainly the secretary did through the RBA, but by that time the appeal had been filed and we were already before the Veterans Court. So what do you think the standard is for when lack of notice can result in nullifying a decision? The standard for the Veterans Court, Your Honor? Yeah. I think the standard is to look and see is was there proper notice. If there's proper notice, then I think that we're into the question of does the court or the board have the plenary jurisdiction. If there's improper notice, then I don't think that there's any – Is there an assumption that the decision, the order, that wasn't – that the party didn't receive notice of in a timely manner, that that somehow results in nullifying the order? And what is your support for that? What is the law that supports that?  I don't understand the question, Your Honor. Okay. I think that your argument is that because you didn't get notice, the vacator decision is nullified. Do I understand that correctly or do I not? Because we didn't get notice that it has no lawful effect. Yes, that's our argument, Your Honor. Okay. What is your law to support the idea that it has no lawful effect because you didn't get notice? Where we're looking to in terms of Veterans Court precedent is we're looking to Cerullo primarily. And in Cerullo, the Veterans Court said that once an appeal has been filed on a final board decision, once that notice of appeal is filed, the Veterans Court has plenary jurisdiction over the case, and the board cannot in and of itself take it away. Certainly under Rule 4 of the Court's procedures, the Secretary's attorneys could have moved to remand before the Veterans Court. They have that option. We have the option for seeking reconsideration of a board decision, and in that case we're going to do that. But just following up on Judge Stolz's question, I think the question is what is the type of law that you can point to that shows to us that a vacator decision by the board has absolutely no legal effect until that vacator is properly served on the claimant? I think we have – I don't know that there's any direct case on point that says exactly that holding, and to a certain extent we're asking this Court to make that holding, that if you do not properly serve a vacator decision, that it does not deprive the Veterans Court of jurisdiction over the decision that they were trying to vacate. There's no case on point, and so we're asking for that. But I think if we look to those statutes, certainly Congress in 5104 and 7104 required the Secretary to provide a notice not only to the appellant or the claimant, but to the claimant's representative at their last known address. The Secretary's own regulations require that in numerous places in terms of requiring that service. And so I don't see how any document where there is a requirement to serve it can have any legal effect if it's not properly served on the attorney. I know you're into rebuttal, but just really quickly, the government's red brief suggested in an alternative way that if we really need to – if we're concerned about the jurisdiction question, we should remand it down to the Veterans Court so that they could address it in the first instance because it wasn't actually addressed by them before because it wasn't really developed before. So what do you think about that alternative suggestion by the government here? To the extent that this court would remand to the Veterans Court to have them address the issue of the lawful effect of the board's vacated decision being improperly served, I think that that is largely correct, that this court can remand it and ask them to address it. Certainly, we believe we raised it at the Veterans Court, but even if we did not, even if the court finds that we did not, we did not forfeit or waive subject matter jurisdiction. And so I think that that would be an acceptable remedy is to have the Veterans Court address that argument in the first place. We will save the remainder of your time for rebuttal if you need it. Mr. Pelkey, is it? Pelkey. Pelkey. Good morning. May it please the court. First, I'd like to address the point counsel raised regarding the board taking jurisdiction, attempting to take jurisdiction away from the Veterans Court with the vacator decision, which I think places the sequence of events out of order here. As the vacator preceded the notice of appeal that went up to the Veterans Court, the board did not undertake the vacator decision in order to deprive the Veterans Court of anything. The fact is that when the notice of appeal went up, the vacator decision was already in place, which I think isolates the issue around the question of notice that was being discussed with counsel during his argument. On notice and as to what the proper... But it didn't mail it to anybody. It just stuck it in its own files and its own office at the board, and that was it. Would that vacator decision have any legal effect? Well, I think that that fact pattern would raise questions about what the potential remedy of that outcome might be for a party if a deadline was missed or something in that way. But I don't think it necessarily nullifies the vacator, and there's no case law that supports that finding. When one looks at cases involving notice, the usual remedy for victims of improper notice or incomplete notice is to extend deadlines to do something that puts the individual back in a position where... What is the government's theory of when a vacator decision takes legal effect? When the decision is entered, and I think... What does that mean, entered? When the court makes the order of vacator and dates it and it goes in the docket, that is when the vacator decision is made and becomes effective. And I think that in an analogous situation, because I do agree with counsel, I don't think there's anything directly on point here in the Veterans Court. But... What about regional circuit law? Excuse me? What about regional circuit law? Did you look at regional circuit law to answer this question? What I've looked at, it wasn't in the briefs. I came on the case substituting counsel. But I did look at, for instance, the Federal Rules of Civil Procedure, Rule 77. Specifically, I was looking for an instance where the court itself is responsible for making notice, so not where a party is responsible for notifying the other side fails to do so, but where the court fails to provide adequate notice of something. And in Rule 77, which involves final judgments, it explicitly says that does not affect the time to appeal on a final judgment. Instead, it refers back, and if you can look at the appellate rules, that if there is a failure of notice from the court's office... That's for a specific circumstance, right? Right. But it does... It's an instance where a court is responsible for notice on something that hasn't been... It's an instance, but it's got a statutory resolution for that particular instance when you're looking at a notice of appeal. Right. In preparing for today, I looked at some cases that were from regional circuits, and they seemed to suggest that lack of notice that is operated to prejudice a substantial right or remedy could result in some sort of nullification. Are you familiar with that line of practice? I am, Your Honor. And I think why... I don't think it's a good fit here in terms of analogy is the order that wasn't noticed is not appealable in the first instance. The vacator order is not something that could be appealed. I think the Veterans Court was correct on that. It's not a final decision, and it wouldn't come into jurisdiction. If the vacator decision had been noticed properly, what would have happened is that Ms. Klaus would have presented the evidence that she said she wanted to present, and that could have resulted in a different decision because the vacator, of course, nullified the entire previous board decision. So all six claims for relief were open again. And if she had evidence to present, it could have been presented, could have resulted in a different outcome, and then could have proceeded with appeal. Could she have asked for new medical exams at that point? She could have asked for... New medical exams. I understood counsel to be saying that something that Ms. Klaus would like is new medical exams. I think that's something she has raised now on what she wants to pursue on appeal as something that should have been ordered by the board. I think she would be able to argue that to the board on the basis of some new evidence. After the case had been vacated, do you think that she could have argued that to the board? I think that the nullification of the prior decision... It's the order. Yes. Thank you. Go ahead. The nullification of the prior decision. Please go on. I'm sorry. So the nullification of the prior order would... She could ask to put in the evidence. Counsel indicated that the records closed, but, of course, she could request to put in the evidence that she wanted to put in previously. I'm not aware of which counts that evidence goes to, but if it went to one of the claims where she thinks there should be more medical examination, et cetera, it could result in a different outcome at the board level. If it doesn't, at the very least, the result is a complete record for the Veterans Court, whereas under the current scenario, Ms. Klaus wants to proceed with an appeal on the merits for the Veterans Court without the evidence that she said she needed and told the board she needed. So it's difficult to see why the Veterans Court would want to decide on the merits in this case because they're going to be looking at an appeal on the merits and then sitting next to it is flashing light from the record below that there was a request to submit more evidence that has just been shunted aside for whatever reason. And I think that that would raise questions in the Veterans Court's mind why we should proceed on a record that a petitioner's own litigation approach is incomplete. There's something missing in the record. I'm sorry. Has Ms. Klaus withdrawn that request to supplement the record? My understanding is that her case for the board is in stasis. So that would be advanced to be reopened and to proceed. So the record is closed as it's gone up on appeal, but, of course, there are mechanisms in place. And given the record here, I don't think that there's any serious risk of not being able to proceed with bringing forth that new evidence, reopening the case and arguing proceeding on all elements of it. Thank you very much. Unless there's any further questions? Thank you. Thank you very much, Mr. Beckman. Further time for rebuttal? Thank you, Your Honor. Throughout the course of this appeal, through Ms. Klaus's appeal, the Secretary has not served us with ratings decisions, not served us with compensation and pension opinions. They have not served us with statements of the case. They have not served us with BVA decisions. They have not served her attorney with board vacator decisions. Since this appeal has been filed, as we've noted in our proposed supplemental appendix, they have severed benefits, they have attempted to recoup benefits, they have reinstated benefits, and tried to claim $51,000 in past due benefits, all without serving her attorney. And so to the extent that we could have added anything in this appeal prior to reaching the board's decision requires that the attorney be served with these documents. They weren't. They were not given to us. They were sent to the wrong addresses. The record clearly demonstrates that they were sent to prior addresses of the firm, just even since 2015. And because of that, in our belief, we sit with a final decision before the Veterans Court and an opportunity to ask the Veterans Court to tell the board to follow 7104, to follow 5104, to follow the three regulations that require service of the attorney, and to serve notice to the attorney. That in and of itself is more relief than the court, than the board has given right now. As it stands right now, this could go back on mandates to the board. The board could issue its decision, deny all the benefits. I may never see a decision. I have no confidence that I will see a decision, and so I don't have any confidence that I could even timely appeal again to the Veterans Court. And that is the remedy that we seek, is an order to the court to either address, as was suggested earlier, either address the question of whether a board vacator improperly served deprives the court jurisdiction, or to tell the Veterans Court that they erred when they found that they lacked jurisdiction over a final board decision when there's been an improperly served vacator. That's the remedy we request, and if there's no further questions, I yield the balance of my time. Thank you, counsel. We'll take the case under review.